QUESTION: Will the establishment of the State Minimum Building Codes have the effect of eliminating the South Florida Building Code?
SUMMARY: Under ss. 553.70-553.85, F.S., the State Minimum Building Codes, when adopted, will establish uniform minimum building codes applicable throughout the state; and the more stringent requirements of the South Florida Building Code could be adopted as a part thereof for particular geographic area or areas of the state. All local building codes containing more stringent requirements in effect when the state minimum codes are adopted are expressly preserved by the act. Under the Florida Building Codes Act of 1974 [Ch. 74-167, Laws of Florida, ss. 553.70-553.85, F.S. (1974 Supp.)], the Legislature required local governments to adopt an "interim building code" by January 1, 1975, and created the Board of Building Codes and Standards (in the Department of Community Affairs) to propose state minimum building codes to be adopted by the Legislature and to apply uniformly throughout the state to all construction, including a public building. Attorney General Opinion 075-170. (A state minimum building code was not adopted during the 1975 Session.) The express legislative intent, as set forth in s. 553.72, is to provide for state minimum building codes "which will allow reasonable protection for public safety, health, and general welfare for all the people of Florida at the most reasonable cost to the consumer." In carrying out its duty to propose minimum building codes for adoption by the Legislature, the Board of Building Codes and Standards is directed to "be guided by the need for uniformity throughout the state, to the extent possible and consistent with the preservation of the health, safety, and welfare of the public." Section 553.78(6). However, the board is expressly authorized to recommend modifications of the minimum building codes "[w]here the board determines that due to special physiographical conditions within a particular geographical area there is a justifiable need to modify the codes with respect thereto, . . . ." These variations "shall be incorporated into, and made a part of, the State Minimum Building Codes." See also s. 553.79(3), preserving existing building construction codes or ordinances, whether state or local, that are "determined by the board to be more stringent than the State Minimum Building Codes." Provision is made also for local governments to require, after January 1, 1975, more stringent standards than those specified in the Interim State Building Code, see s. 553.73(3), or in the State Minimum Building Codes as finally adopted by the Legislature, see s. 553.79(4), provided certain conditions are met. It is a fundamental rule of statutory construction that all parts of a statute should be construed together to determine the legislative intent. When so construed, it seems clear that the legislative intent in adopting the 1974 act was to provide for the establishment of uniform minimum building codes throughout the state, but with some leeway for the board to incorporate as a part of the codes more stringent requirements in those geographical areas where local conditions require them "for the protection of life and property" and where such additional requirements "are not discriminatory against materials, products, or construction techniques of demonstrated capabilities," s. 553.73(3), supra, as well as to preserve more stringent requirements already in existence at the time of the adoption of the uniform codes. It is noteworthy that the South Florida Building Code is included in the list of nationally recognized codes which constitute the Interim State Building Code which may be adopted by local governments and state agencies. See s. 553.73(2), supra. And there seems to be little, if any, doubt that the more stringent South Florida Building Code would be approved by the board for the so-called "Hurricane Belt" of Florida in those areas where that code was not already in effect under existing local building codes on January 1, 1975; and, as noted above, the statute expressly preserves more stringent requirements of local codes in effect on the date that the State Minimum Building Codes are finally adopted by the Legislature. Section 553.79(3), supra. The provisions of the 1974 act referred to above would not have been changed by the legislation (SB 1308) proposed but not adopted at the 1975 Session of the Legislature. The proposed legislation would, however, have had the effect of extending to January 1, 1976, the time within which local governments may adopt an interim building code in accordance with the requirements of s. 553.73(3), supra — or, in the alternative, have such a code adopted for them by the board, s. 553.73(4), supra — and would have added the following provisions: "No state minimum code shall be effective in any area until it is adopted by the county or municipality having jurisdiction over that area except as provided in s. 553.73(4)." It would have provided also that s. 553.79, supra, relating to the application of the state minimum building codes, "shall not apply to any area governed by a building code adopted by a county or municipality that is in effect on January 1, 1976." This provision seems contrary to the intent of the 1974 act to provide for uniform minimum building codes to be applicable to all construction throughout the state by January 1, 1975; and, as noted above, it is unnecessary if its purpose was to prevent the elimination of the South Florida Building Code in those areas where the more stringent requirements are needed.